UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ASHLEY BOLADERES          Case No.    1:23cv24203


      Plaintiff,

v.

SUNBEAM PRODUCTS, INC,
and NEWELL BRANDS, INC.,

      Defendants.

_____

## COMPLAINT

Plaintiff, ASHLEY BOLADERES, by and through undersigned counsel, brings this action against Defendants, SUNBEAM PRODUCTS, INC. and NEWELL BRANDS, INC., and alleges as follows:

## NATURE OF THE CASE

1.      Prior to the date of incident, Plaintiff, ASHLEY BOLADERES, obtained and/or purchased a Crock-Pot Express Multicooker ("Pressure Cooker").

2.      Upon information and belief, at all relevant times, Defendant SUNBEAM is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

3.      Upon information and belief, at all relevant times, Defendant NEWELL is and was the designer, manufacturer, producer, distributor, vendor, seller of and/or marketing entity for the Pressure Cooker.

1

4.      The Pressure Cooker is an electric kitchen appliance designed to be used for efficient preparation of food.  The product is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

5.      Upon information and belief, at all relevant times, Defendants SUNBEAM and/or NEWELL tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

6.      On or about November 25, 2018, Plaintiff ASHLEY BOLADERES was using the Pressure Cooker and followed instructions enclosed with the Pressure Cooker.

7.      While using the Pressure Cooker to prepare food, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto ASHLEY BOLADERES.

8.      The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

9.      On or about November 20, 2020, Defendants recalled the Pressure Cooker because the "lid [can] suddenly detach while the product is in use, posing burn risks to consumers from hot food and liquids ejected from the product."

10.     As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom, ASHLEY BOLADERES suffered severely painful and disfiguring burns to the body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and

nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

## **PARTIES**

11.     At all material times to this Complaint, Plaintiff, ASHLEY BOLADERES, was a citizen and resident of Lomita, California.

12.     At all times material hereto, Defendant SUNBEAM PRODUCTS, INC. ("SUNBEAM") was and is a Delaware corporation incorporated under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.

13.     That at all times material hereto, Defendant NEWELL BRANDS INC. ("NEWELL") was and is a Delaware corporation incorporated under the laws of Delaware with its principal place of business in Hoboken, New Jersey.

14.     Upon information and belief, Defendant SUNBEAM is a fully owned subsidiary of Defendant NEWELL.

15.     Defendant SUNBEAM is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

16.     Defendant NEWELL is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

18.     Venue is proper in this Court pursuant to 28 U.S.C § 1391 because Defendant SUNBEAM was a resident and citizen of this district at all material times.

19.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with Florida and intentionally availed themselves of the markets within Florida through the promotion, sale, marketing, and distribution system.

## COUNT I – STRICT PRODUCTS LIABILITY

20.     Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

21.     At all relevant times, Defendants were in the business of designing, manufacturing, inspecting, testing, distributing, selling and/or marketing pressure cookers and did design, manufacture, inspect, test, distribute, sell and/or market the Pressure Cooker giving rise to the subject Complaint.

22.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

23.     The Pressure Cooker had not been misused post-sale before it failed.

24.     The Pressure Cooker was within its anticipated useful life when it failed.

25.     The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

4

26. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

27. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to ASHLEY BOLADERES and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

28. Therefore, Defendants are liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE

29. Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

30. Defendants owed Plaintiff, as well as the public at large, the duty of reasonable care in designing, manufacturing, testing, inspecting, distributing, selling and/or marketing the Pressure Cooker, and/or to adequately warn of dangers presented by the product's design.

31. Defendants knew, or in the existence of ordinary care, should have known, that the Pressure Cooker was defective and unreasonably dangerous to those persons likely to use the

5

product for the purpose and in the manner for which it was intended to be used.

32.     Alternatively, Defendants knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing and/or marketing the Pressure Cooker such that the type of incident and resulting injuries and damages as described herein would have been prevented.

33.     Alternatively, Defendants had actual or constructive knowledge of the means of designing a pressure cooker that would not be inadequate and dangerous, and notwithstanding this knowledge, Defendants failed to adequately design, equip and/or manufacture the Pressure Cooker.

34.     Alternatively, Defendants negligently failed to give adequate or proper warnings or instructions, and/or failed to make appropriate post-marketing efforts to prevent known incidents, such as the one included herein.

35.     Alternatively, Defendants failed to prudently design, manufacture, test, inspect, market and/or sell the Pressure Cooker, and/or failed to include a reasonable and safer alternative to the subject defective condition.

36.     As a direct and proximate result of Defendants' negligence, ASHLEY BOLADERES suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

        **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT III – BREACH OF EXPRESS WARRANTY

37.     Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

38.     Defendants designed, manufactured, assembled, distributed, inspected, tested and/or sold the Pressure Cooker.

39.     Defendants expressly warranted that the Pressure Cooker was safe for ordinary use when used in compliance with the instructions provided.

40.     Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff without which Plaintiff would not have purchased and/or used the Pressure Cooker.

41.     The Pressure Cooker did not conform to Defendants' affirmations regarding safety.

42.     As a direct and proximate result of Defendants' breach of express warranties, ASHLEY BOLADERES suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43.     Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

44.     Defendants at all relevant times designed, manufactured, assembled, tested,

inspected, distributed, marketed and/or sold the Pressure Cooker.

45.     Defendants impliedly warranted that the Pressure Cooker was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality as to pass without objection in the trade, and conformed to Defendants' own affirmations regarding the Pressure Cooker's safety features and overall safe condition.

46.     Defendants breached their implied warranty of merchantability, as the product did not conform to Defendants' affirmations regarding the safety features and overall safe condition of the Pressure Cooker, the Pressure Cooker was not fit for the ordinary purpose for which it was sold or used, and/or was not of fair average quality so as to pass without objection in the trade.

47.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, ASHLEY BOLADERES suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT V – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

48.     Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

49.     Defendants designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

50. Defendants, through their agents, servants, employees, and apparent agents, acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the Pressure Cooker to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

51. Defendants breached the implied warranty of fitness for a particular purpose, as the Pressure Cooker did not conform to Defendants' affirmations regarding its product being fit for such particular purpose. The Pressure Cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

52. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, ASHLEY BOLADERES suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT VI – FAILURE TO WARN

53. Plaintiff realleges and readopts the allegations set forth above as if fully set forth herein.

54. Defendants designed, manufactured, assembled, tested, inspected, distributed, marketed and/or sold the Pressure Cooker.

9

55.	Plaintiff used the Pressure Cooker in the manner intended and/or foreseeably intended, when the Pressure Cooker failed, exploded and/or otherwise caused injury to Plaintiff.

56.	Upon information and belief, the Pressure Cooker was manufactured in a defective manner, was defectively designed, failed to have adequate and proper warnings or instructions, was not safe to be used for the purposes intended, and/or was inherently and/or unreasonably dangerous.

57.	Defendants knew or should have known of the dangerous nature of the Pressure Cooker by virtue of its business, and/or knew or should have known of the need to provide adequate warnings concerning the use of the Pressure Cooker.

58.	Defendants had a duty to provide reasonable warning of the danger involved in the use of the Pressure Cooker and failed to provide the public, including Plaintiff, notice of the danger involved.

59.	As a direct and proximate result of the foregoing, ASHLEY BOLADERES suffered severely painful and disfiguring burns and other injury to her body, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and ASHLEY BOLADERES will suffer losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendants;

b. damages to compensate Plaintiff for Plaintiff's injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' Pressure Cooker;

c. pre and post judgment interest at the lawful rate;

d. punitive damages;

e. trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

Signed on November 2, 2023.

**By:**    */s/ Gabriel A. Baca, Esq.*

**LAW OFFICES OF JASON TURCHIN**
GABRIEL A. BACA, ESQ.
Florida Bar No. 1017732
JASON TURCHIN, ESQ.
Florida Bar No. 585300
2883 Executive Park Drive, Ste. 103
Weston, FL 33331

11

Telephone:     954-659-1605 x 222
Facsimile:     954-659-1380
Email: gabriel@victimaid.com

CHAFFIN LUHANA LLP
STEVEN D. COHN, ESQ.
Application for PHV to be submitted
600 Third Ave., 12th floor
New York, NY 10016
Telephone:     (888) 480-1123
Facsimile:     (888) 499-1123
Email: cohn@chaffinluhana.com